IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PAUL JOHN HANSEN,             )<br>                                              )<br>           Plaintiff,            )<br>                                              )<br>    vs                                     )<br>                                              )<br>CITY OF OMAHA, MIKE FAHEY, )<br>Mayor, OMAHA PLANNING      )<br>DEPARTMENT, STEVEN N. JENSEN, )<br>as AICP Director,                  )<br>                                              )<br>           Defendants.         ) | Case No. 8:07CV352<br><br><br><br>**MEMORANDUM<br>AND ORDER** |

    This matter is before the court upon the plaintiff's motion for a temporary restraining order. It will be denied.

    In <u>Dataphase Systems, Inc. v. C L Systems, Inc.</u>, 640 F.2d 109 (8th Cir. 1981), the court, sitting <u>en banc</u>, clarified the standard district courts should apply when considering a motion for preliminary injunctive relief:

> (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest.

<u>Dataphase</u>, 640 F.2d at 114. "No single factor in itself is dispositive; rather, each factor must be considered to determine whether the balance of equities weighs toward granting the injunction." <u>United Indus. Corp. v. Clorox Co.</u>, 140 F.3d 1175, 1179 (8th Cir. 1998).

> At base, the question is whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined. . . .

> . . . .
>
> [W]here the balance of other factors tips decidedly toward movant a preliminary injunction may issue if movant has raised questions so serious and difficult as to call for more deliberate investigation.

Dataphase, 640 F.2d at 113.

I believe that the Dataphase case should be applied to temporary restraining order situations. That said, and emphasizing that my mind may be changed by a better developed record and briefing, I find and conclude that the Dataphase factors *do not favor* the plaintiff to a degree sufficient to warrant issuance of a temporary restraining order. In particular, there is no reason to think that if the plaintiff is harmed by the demolition, such harm cannot be properly redressed by an award of damages (money). Therefore,

IT IS ORDERED that the motion for temporary restraining order is denied.

September 7, 2007.    BY THE COURT:

*s/Richard G. Kopf*
United States District Judge

> . . . .
>
> [W]here the balance of other factors tips decidedly toward movant a preliminary injunction may issue if movant has raised questions so serious and difficult as to call for more deliberate investigation.

Dataphase, 640 F.2d at 113.

I believe that the Dataphase case should be applied to temporary restraining order situations. That said, and emphasizing that my mind may be changed by a better developed record and briefing, I find and conclude that the Dataphase factors *do not favor* the plaintiff to a degree sufficient to warrant issuance of a temporary restraining order. In particular, there is no reason to think that if the plaintiff is harmed by the demolition, such harm cannot be properly redressed by an award of damages (money). Therefore,

IT IS ORDERED that the motion for temporary restraining order is denied.

September 7, 2007.    BY THE COURT:

*s/Richard G. Kopf*
United States District Judge