IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PAUL JOHN HANSEN, | ) | |
| | ) | |
| Plaintiff, | ) | 8:07CV352 |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF OMAHA, MIKE FAHEY, | ) | **MEMORANDUM** |
| Mayor, OMAHA PLANNING | ) | **AND ORDER** |
| DEPARTMENT, and STEVEN N. | ) | |
| JENSEN, as AICP Director, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, proceeding pro se, claims that Defendants violated his right to procedural due process when they failed to give Plaintiff "any notice of any type, or any constitutional notice" before Defendants decided to demolish Plaintiff's property. Plaintiff requests injunctive relief; that is, that Defendants "refrain immediately and pending the final hearing and determination of this action, from trespassing, and demolishing, [his] property."[1] Plaintiff also requests costs and loss of value of use of his property. (Filing No. 1.) This matter is before the court on Defendants' Motion to Dismiss or Stay, which has been converted into a Motion for Summary Judgment. (Filing No. 14 & Filing No. 18.)

**I.   BACKGROUND**

Defendants filed their Motion to Dismiss in this case on October 12, 2007. (Filing No. 14.) In support of their Motion, Defendants filed a Brief and Index of Evidence. (Filing No. 16 & Filing No. 15.) On April 16, 2008, this court converted

---

[1]The court previously denied Plaintiff's motion for a temporary restraining order. (Filing No. 5.)

Defendants' Motion to a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 12(d). (Filing No. 18.) In its Memorandum and Order, the court gave Plaintiff until May 16, 2008 to respond to Defendants' Motion by presenting all material pertinent to the Motion as allowed under Federal Rule of Civil Procedure 56. (*See* Filing No. 18 at CM/ECF p. 1.) On May 16, 2008, Plaintiff filed two Briefs and an Affidavit in response to Defendants' Motion. (Filing No. 20, Filing No. 21 & Filing No. 22.)

The Federal Rules of Civil Procedure and the court's local rules require that evidence in support of a motion for summary judgment be "authenticated by affidavit." NECivR 7.1(b)(2)(C); *see also Stuart v. General Motors Corp.*, 217 F.3d 621, 636 n.20 (8th Cir. 2000) ("To be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence or a deposition that meets the requirements of [Rule 56]. Documents which do not meet those requirements cannot be considered.").

Additionally, the party seeking the entry of summary judgment in its favor must set forth "a separate statement of material facts as to which the moving party contends there is no genuine issue to be tried and that entitle the moving party to judgment as a matter of law." NECivR 56.1(a)(1). If the non-moving party opposes the motion, that party must "include in its [opposing] brief a concise response to the moving party's statement of material facts." NECivR 56.1(b)(1). Such response must "address each numbered paragraph in the movant's statement" of facts and must contain pinpoint citations supporting the opposition. *Id.* "Properly referenced material facts in the movant's statement will be deemed admitted unless controverted by the opposing party's response." *Id.*

The court has carefully reviewed the documents submitted by both parties. While Defendants submitted a statement of material facts in accordance with the

court's rules, Plaintiff has not. Further, Defendants submitted evidence which was properly authenticated by affidavit. Although Plaintiff submitted two Opposition Briefs and an Affidavit, he submitted no properly authenticated evidence, even when the record in this matter is construed liberally. In light of this, the court adopts the following undisputed material facts.

## II. UNDISPUTED MATERIAL FACTS

1. The Plaintiff owns the property that is the subject of this dispute. (Filing No. 1 at CM/ECF p. 2.)

2. In 2005, the City of Omaha Planning Department ("City") received a complaint that Plaintiff's property was overcrowded with residents and in a deteriorated condition. (Filing No. 15, Attach. 2, at CM/ECF p. 2-3.)

3. On January 10, 2005, when the City inspected the property, inspectors found that it was inhabited by 14 residents, was in a deteriorated condition, and was in violation of the City's property maintenance code in several respects. (*Id.* at CM/ECF p. 3.)

4. On February 1, 2005, City inspector Kevin Mulcahy sent Plaintiff a notice of violation. The notice listed the location and nature of the violations, the code section number and text of each code section violated, and whether the violations caused Plaintiff's property to be considered unsafe and unfit for human occupancy. The violations included exposed electrical wiring, improperly vented plumbing, and general dilapidated condition of the entire dwelling. The notice declared the property to be unsafe and unfit for human occupancy. The notice further advised Plaintiff that he could appeal to the Omaha Building Board of Review, and described how to file such an appeal. (*Id.* at CM/ECF pp. 3, 6-11.)

3

5.     The notice advised Plaintiff to repair or cure the violations by April 5, 2005 and that a follow-up inspection would be scheduled shortly after that date. (*Id.* at CM/ECF p. 6.)

6.     After a second inspection of the property, Mulcahy sent Plaintiff another notice of violations dated April 12, 2006. Mulcahy also sent Plaintiff a demolition order. The demolition order instructed Plaintiff to demolish the building on the property by May 12, 2006 and informed Plaintiff that if he did not demolish the building, the City would demolish it. The notice advised Plaintiff that he could appeal the demolition order to the Omaha Building Board of Review, and described how such an appeal could be filed. (*Id.* at CM/ECF pp. 3, 13-19.)

7.     Plaintiff has not filed an appeal from any of the City's orders or notices regarding his property. (*Id.* at CM/ECF p. 4.)

8.     In late April 2007, Mulcahy obtained an inspection warrant from Douglas County Court and inspected Plaintiff's property on April 23, 2007. (*Id.* at CM/ECF p. 3.)

9.     During his inspection, Mulcahy found the house remained in disrepair, unsafe, and unfit for human occupancy, citing as the most serious violations:

- Two plumbing vents, which vent possibly toxic sewer gases, remained vented in an improper position.
- It appeared that someone had attempted to perform repairs to the exposed electrical wiring without permits from the City for such work.
- Basement stairs were broken or were inadequately repaired.

4

- The house had no heat, as the gas service had been cut by the Metropolitan Utilities District. There was no gas meter on the property.
- The electrical service to the house had been cut off.
- Kitchen and bathroom sinks were unvented, in violation of the City's codes. Venting prevents possibly toxic sewer gasses from backing up into the house from the drains of the sinks.
- There was a hole in the plumbing waste line in the basement.
- The ceiling was missing in part of the house, exposing the interior rafters.
- In general, the house was in an unsanitary and deteriorated condition.

(*Id.* at CM/ECF pp. 3-4.)

10. The City's notices and orders were issued pursuant to its property maintenance code, Omaha Municipal Code, Chapter 48, specifically divisions 6 (violations), 7 (notices and orders), 8 (unsafe structures and equipment), and 10 (demolition). (*Id.* Attach. 3, at CM/ECF pp. 13-26.)

11. The notices and orders were all mailed to Plaintiff at 1548 North 19th Street, Plaintiff's address of record in this case. (*Id.* Attach. 2, at CM/ECF pp 3-4; Docket Sheet.)

12. On or about April 13, 2007, Plaintiff filed a lawsuit in state court seeking an injunction against the City's planned demolition of Plaintiff's property. (*Id.* Attach. 3, at CM/ECF pp. 3-5, 9-11).

5

13. The state court held a hearing on Plaintiff's request for a temporary injunction and denied Plaintiff's request on May 16, 2007. (*Id.* at CM/ECF pp. 9-11.)

14. Defendant Steven N. Jensen is the director of the City of Omaha Planning Department and did not participate in any of the activities regarding Plaintiff's property. (*Id*. Attach. 2, at CM/ECF p. 5.)

15. Defendant Mike Fahey is the mayor of the City of Omaha and did not participate in any of the activities regarding Plaintiff's property. (*Id*. Attach. 2, at CM/ECF p. 5.)

16. The Planning Department is a department of the City of Omaha. (*Id*.)

## III. ANALYSIS

### A. Defendants

Plaintiff names as Defendants to this action the City of Omaha, Mayor Mike Fahey, the Omaha Planning Department Director Steve N. Jensen, and the Omaha Planning Department. Plaintiff does not identify in what capacities he is suing the individual defendants. Where a plaintiff does not specify the capacity in which a defendant is sued, it is presumed that a defendant is sued in his official capacity only. *See, e.g., Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (stating that "[t]his court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity.") Further, a suit against a public employee in his or her official capacity is actually a suit against the public employer. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).

6

Therefore, Plaintiff's claims against Defendants Fahey and Jensen are actually claims against the City of Omaha. Furthermore, as Defendants argue, the Omaha Planning Department is not a separate entity recognized by law and does not have the capacity to sue or be sued, making Plaintiff's claims against the Omaha Planning Department also claims against the City of Omaha. Therefore, the City of Omaha is the only Defendant to this action.

### B. Standard of Review

Summary judgment should be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). *See also* Egan v. Wells Fargo Alarm Servs., 23 F.3d 1444, 1446 (8th Cir. 1994). It is not the court's function to weigh evidence in the summary judgment record to determine the truth of any factual issue. Bell v. Conopco, Inc., 186 F.3d 1099, 1101 (8th Cir. 1999). In passing upon a motion for summary judgment, the district court must view the facts in the light most favorable to the party opposing the motion. Dancy v. Hyster Co., 127 F.3d 649, 652 (8th Cir. 1997).

In order to withstand a motion for summary judgment, the nonmoving party must substantiate his allegations with "sufficient probative evidence [that] would permit a finding in [his] favor on more than mere speculation, conjecture, or fantasy." Moody v. St. Charles County, 23 F.3d 1410, 1412 (8th Cir. 1994) (quotation omitted). "A mere scintilla of evidence is insufficient to avoid summary judgment." *Id.* Essentially the test is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).

### C.   Due Process Claim

Under the Fourteenth Amendment, a person may not be deprived of life, liberty, or property without due process of law. *Board of Regents v. Roth*, 408 U.S. 564, 570 (1972). Ordinarily, due process requires notice and an opportunity to be heard prior to the deprivation of any of the three protected interests. *Id*. at 570 n.7. Here, Plaintiff alleges that Defendant failed to give Plaintiff notice of its intent to demolish his property.

"In proceedings involving life, liberty or property actual notice or something designed to ensure actual notice is required. Personal service constitutes actual notice and notice by mail is designed to ensure actual notice and thereby satisfies minimal requirements of due process." *Lewis v. City of St. Louis*, 607 F. Supp. 614, 617 (D.C. Mo. 1985), *aff'd*, 786 F.2d 1169 (8th Cir. 1986). In *Lewis*, the City of St. Louis demolished an apartment building after the apartment building owner failed to conform to building-code requirements. *Id*. at 617-18. The court held that the City of St. Louis provided the property owner with sufficient notice to satisfy the minimum requirements of due process when the first, second, and fourth notices of condemnation were sent to the owner at the apartment-building address, and the third notice was sent to the apartment owner at his own address. *Id*.

In this case, Defendant City of Omaha mailed Plaintiff two notices of City ordinance violations and one demolition order. The notices and order were mailed by Mulcahy's office to Plaintiff at 1548 North 19th street, Plaintiff's address of record in these proceedings. The notices clearly identified the City ordinance violations and gave Plaintiff an opportunity to address the violations by repairing his property. Further, both notices informed Plaintiff of his right to appeal and instructed Plaintiff how to file an appeal. Accordingly, Plaintiff received actual notice of the City's intent to demolish his property, and he has failed to establish a violation of his due process rights under the Fourteenth Amendment. Indeed, Plaintiff's receipt of

notice is further evidenced by the fact that Plaintiff filed a state-court action to prevent the City from demolishing his property.

In Plaintiff's response to Defendants' Motion for Summary Judgment, Plaintiff states that he will provide evidence that the alleged mailing by the City of Omaha is not legally sufficient evidence. However, at the summary judgment stage, the nonmoving party may not "'rest on mere allegations or denials' but must demonstrate on the record the existence of specific facts which create a genuine issue for trial." *Krenik v. County of Le Seur*, 47 F.3d 953, 957 (8th Cir. 1995). Because Plaintiff has proffered no evidence to support his allegations, Defendants' Motion for Summary Judgment is granted.

IT IS THEREFORE ORDERED that:

1. Defendants' Motion to Dismiss, construed as a Motion for Summary Judgment, (filing no. 14) is granted.

2. Plaintiff's Motion for Declaration of Property Rights (filing no. 8) is denied as moot.

3. A separate Judgment will be entered.

July 9, 2008.   BY THE COURT:

              s/ *Richard G. Kopf*
              United States District Judge

9